IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

CASSANDRA JIMMIE, individually and as
PERSONAL REPRESENTATIVE OF THE
ESTATE OF EVA BROWN, Deceased,

      Plaintiff,

vs.                                                                                      No. _____

THE UNITED STATES OF AMERICA,
ANN E. REITZ, M.D., JOHN J. JOHNSON, M.D.,
AND ARNOLD D. MILLER, M.D.,

      Defendants.

## COMPLAINT TO RECOVER DAMAGES FOR THE WRONGFUL DEATH RESULTING FROM MEDICAL NEGLIGENCE ARISING UNDER THE FEDERAL TORT CLAIMS ACT

Plaintiff, by and through her attorney, William R. Keeler [KEELER & KEELER, LLP.] and for her complaint against the Defendant, United States of America, Ann E. Reitz, M.D., John J. Johnson, M.D., and Arnold D. Miller, M.D., states and alleges:

1.      This is an action pursuant to the Federal Tort Claims Act, 28 USC §2671, et. seq. (hereinafter the "FTCA") for medical negligence at the Crownpoint Healthcare Facility ("CHF") operated as an Indian Health Services medical facility located in Crownpoint, New Mexico.

### PARTIES AND JURISDICTION

2.      Plaintiff, Cassandra Jimmie is now and at all times material hereto has been a residence of Crownpoint, New Mexico.  She is the daughter of Eva Brown, deceased (hereinafter referred to as "Mr. Brown"), and has been duly appointed as the Personal Representative of her Estate.

3. At the time of her death, Ms. Brown was 46 years old and a residence of Crownpoint, McKinley County, New Mexico.

4. Ms. Brown underwent medical care and treatment at Crownpoint, New Mexico, thereby granting jurisdiction and venue to this Court.

5. Defendant, United States of America ("United States"), through its agents, employees, and through the Department of Health & Human Services, Public Health Service, and Indian Health Service, are all federal agencies and at all times hereinafter mentioned, did and now do, operate a hospital entitled Crownpoint Healthcare Facility in Crownpoint, New Mexico, where all claims of negligence arose.

6. At all times material hereto, Defendant United States employed, *inter alia*, Ann E. Reitz, M.D., who was licensed and practicing medical doctor employed by the Defendant, United States at the CHF acting within the scope and course of her employment.

7. At all times material hereto, Defendant United States employed, *inter alia*, John J. Johnson, M.D., who was licensed and practicing medical doctor employed by the Defendant, United States at the CHF acting within the scope and course of their employment.

8. At all times material hereto, Defendant United States employed, *inter alia*, Arnold D. Miller, M.D., who was licensed and practicing medical doctor employed by the Defendant, United States at the CHF acting within the scope and course of their employment.

9. The tort claim for which Plaintiff sues herein arose from the acts and omissions of Defendants as alleged herein all occurring within the State of of New Mexico.

10. If the Defendant was a private person it would be liable to the Plaintiff in accordance with the laws of the State of New Mexico.

11. On September 7, 2011, within two years of the date of claims set forth herein which are subject to the FTCA, the admininstrative claims were presented to the United States Department of Health and Human Services, Public Health Service/Indian Health Service, pursuant to 28 U.S.C. §2675(a). Said agencies have not yet made a decision on the tort claim.

12. This Court has jurisdiction over the parties and subject matter hereto pursuant to 28 USC § 1346(b).

## COUNT I

## MEDICAL NEGLIGENCE

13. Plaintiff realleges and incorporates by reference the allegations contained in paragraphs 1 through 12 as though fully recited at length herein.

14. On October 8, 2009, Eva Brown went into Crownpoint Healthcare Facility with complaints of vomiting, abdominal pain and dehydration.

15. Ms. Brown was treated with six (6) liters of normal saline and was started on Vancomycin, Zosyn, Levophed, and Dopamine.

16. Ms. Brown was diagnosed with sepsis syndrome and was airlifed to the Univesity of New Mexio Hospital ("UNMH") for further treatment.

17. Upon evaluation of Ms. Brown, UNMH physicians discovered that she had a venous injury due to the placement of the right IJ line while in the care of CHF.

18. Ms. Brown then became more hypotensive and died.

19. At all times material hereto, the relationship of medical provider-patient existed between Ms. Brown and the licensed and practicing physicians, and other treating physicians, medical personnel and medical providers of CHF.

20. Pursuant to the provisions of the Federal Tort Claims Act, Defendant United States is liable for the negligent acts, omission, and errors of its employees or agents acting within the scope of their duties, as well as liable for any and all independent contractors who may be employed and under the control and direction of Defendants at its medical facilities.

21. At all times pertinent hereto, and as to all acts alleged herein, Dr. Anne Reitz, Dr. John Johnson, Dr. Arnold Miller, and others yet to be identified, medical providers and personnel, were employees or agents of Defendant the United States, acting within the scope of their duties, and otherwise acting with the full knowledge and consent of Defendant the United States.

22. Defendants are therefore vicariously liable for the negligent acts of medical personnel as alleged herein.

23. Defendants had a duty to adequatly treat Ms. Brown with care to insure her healthy recovery.

24. In treating and caring for Ms. Brown, Defendants failed to exercise ordinary care which proximately resulted to Ms. Brown's death. Among other things, Defendants, by and through its employees, and other yet to be indentified CHF staff, were negligent, without limitation, in the following regards:

    A. Failure to possess and apply the knowledge, skill, and care of reasonably well qualified practioners under similar circumstances;

    B. Failure to use the utmost care when treating Ms. Brown;

C. Failure to properly diagnose and treat Ms. Brown based on the symptoms she presented to the ER with and treatment based on Ms. Brown's medical history;

D. Failure to properly insert the right IJ line which later lead to the death of Ms. Brown.

25. Ms. Brown's death was a direct, proximate, and foreseeable result of Defendants negligent acts and omissions.

## COUNT II

## DAMAGES

26. As a direct and promixate result of conduct of Defendants, described above, the Estate of Eva Brown, as represented by its Personal Representative, is entitled to recover damages against Defendants for the loss of the present worth of the life of its decedent to her Estate, including her enjoyment of life, having regard to the aggravating circumstances attending the the negligence acts which resulted in her death, as provided for and as amplified under New Mexico and federal law.  Such damages include hedonic damages for the value of the loss of life itself, as well as economic damages, including impairment of lifetime earning capacity, and loss of household services.

27. As a direct and promixate result of the conduct of Defendants, described above, Ms. Brown's children are entitled to recover damages for their loss of consortium with Mr. Brown in amounts to be determined at trial.

WHEREFORE, Plaintiff Cassandra Jimmie individually and on behalf of the Estate of Eva Brown pray that judgment against Defendants be awarded in an amount reasonably necessary to compensate her for her damages and injuries as follows:

1. For compensable damages and costs;

2. For taxable costs as allowed;

3. For attorneys fees;

4. Pre and post judgment interest;

5. For such other and further relief deemed warranted under the circumstances.

                                                KEELER & KEELER, LLP.

                                                */s/ William R. Keeler*
                                                William R. Keeler
                                                108 E. Aztec Avenue
                                                Gallup, NM 87301
                                                (505) 722-5608